IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DOLANDON V. MACK**                                                                                          **PETITIONER**
ADC# 103207

VS.                                    CASE NO.: 5:16CV00354 DPM/BD

**WENDY KELLEY, Director,**
Arkansas Department of Correction                                         **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.**   **Introduction**

Petitioner Dolandon V. Mack filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket entry #1) Respondent Wendy Kelley, Director of the Arkansas Department of Correction, filed a response (#6), and Mr. Mack replied (#7).

For the reasons explained below, the Court must recommend that Judge Marshall DISMISS Mr. Mack's petition, with prejudice.

## III. Background

Mr. Mack pleaded guilty to a federal felon-in-possession charge on August 27, 2004. *United States v. Mack*, Case No. 4:03CR00184-SWW. On December 10, 2004, Judge Susan Webber Wright sentenced Mr. Mack to 120 months' imprisonment in the Federal Bureau of Prisons ("BOP"). She ordered the sentence to run consecutively to a separate 49-month federal sentence. *Id*. at docket entry #30.

On December 16, 2004, Mr. Mack pleaded guilty to State charges of aggravated robbery, theft of property, and aggravated assault. (#6-1) Mr. Mack received an aggregate 240-month State sentence that the State court judge ordered to run concurrently with his federal sentences. (#1, pp. 5-7 and #6-1, p. 4)

The BOP released Mr. Mack from federal custody to State authorities on May 5, 2016. (#1, p. 2) Mr. Mack concedes that the State has given him custody credit toward his State sentence for the time he served in the BOP. (#1, #6-2, and #7) But for reasons that are not entirely clear, Mr. Mack insists that his 240-month State sentence was satisfied when his federal sentence expired. (#1)

He also argues that the State of Arkansas violated his due process rights by failing to award meritorious good-time credit during the time he spent in federal custody. (#1, p. 3 and #7) It is not clear whether his argument is that he should have been able to accumulate State good-time credit while serving time in the BOP, or that the federal

good-time credits he earned at the BOP should also count toward his State sentence. Both arguments, however, are grounded in his theory that he received only one sentence for his State and federal convictions.

Mr. Mack concedes that this is not a parole issue. (#7, p. 2) In his petition, however, he notes that meritorious good-time credit allows for an earlier parole eligibility date. (#1, p. 3)

**IV.    Discussion**

Federal courts provide limited review of State court convictions. A federal court can grant habeas relief only where State custody violates the United States Constitution or federal law. 28 U.S.C. § 2254(a).

Here, Mr. Mack does not challenge the validity of his 240-month State sentence. (#1 and #7) And he does not dispute that the State has given him credit on his State sentence for all the time he served in the BOP. (#6)

   A.    Federal and State Sentences

Mr. Mack asserts that his State and federal convictions resulted in a single sentence. He argues that he is being wrongfully detained by the State because, by completing his federal sentence, he necessarily completed his State sentence.

His contention is legally and factually incorrect. The records show that Mr. Mack did indeed receive two separate sentences– one for his federal conviction and one for his State convictions– at two separate sentencing hearings. *Mack*, Case No. 4:03CR00184-SWW at docket entry #30. (#1, pp. 5-7 and #6-1, p. 4) Legally, the federal government

and the State of Arkansas are separate sovereigns. *Heath v. Alabama*, 106 S.Ct. 433, 437, 474 U.S. 82, 89 (1985)("the Court has uniformly held that the States are separate sovereigns with respect to the Federal Government"). Each has the power to impose sentences for conduct that violates its criminal laws.

Mr. Mack is correct that the State court ordered his State sentence to run concurrently with his federal sentences. And because his State sentence ran concurrently with his federal sentence, Mr. Mack received credit *toward* his state sentence for the time he spent at the BOP. There is no dispute that the State has given him full credit for the time he served in federal prison, as ordered by the State court.

B.   Due Process and Meritorious Good Time Credit

The Due Process Clause affords prisoners a liberty interest in avoiding the loss of good-time credit in some instances.[1] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974) But it is state law, not the federal Constitution, that determines whether a state's scheme for awarding prisoners good-time credits triggers a constitutionally protected liberty interest. See *Sandlin v. Conner*, 515 U.S. 472, 477-484, 115 S.Ct. 2293 (1995)(holding that states may create liberty interests in good time credit protected by the due process clause).

A state court's interpretation of the federal Constitution is not binding on federal courts. See *Baker v. Carr*, 369 U.S. 186, 211, 82 S.Ct. 691, 706 (1962) (Supreme Court

---

[1] It does not appear Mr. Mack has actually lost any good-time credit. Instead, he was not allowed to accumulate State good-time credit while he was serving his federal sentence in the BOP. There is no legal distinction between the loss or accumulation of good time credit under Arkansas law. *McKinnon v. Norris*, 366 Ark. 404 (2006).

of the United States is the "ultimate interpreter of the Constitution").  The Arkansas Supreme Court, however, *is* primarily responsible for interpreting Arkansas law, and it has held that Arkansas law does not create a liberty interest in the accumulation or loss of good-time credits.  *McKinnon v. Norris*, 366 Ark. 404 (2006); *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008).  The Arkansas Court reasons that the accumulation or loss of good time credit does not affect the *length* of a sentence, but rather, affects only the *location and conditions* under which the sentence will be served.  *McKinnon*, 231 S.W.3d at 729-730.

The Arkansas Court's view is consistent with a plain reading of the State's good-time credit statute, which expressly provides that "good time will not be applied to reduce the length of a sentence."  Instead of reducing the term of a prisoner's sentence, Arkansas's good-time statute reduces the time an inmate must serve in prison before becoming eligible for transfer, including parole.[2]

To the extent Mr. Mack contends that his parole eligibility date is affected by the State's refusal to consider good-time credit earned at the BOP, that argument fails on several counts.  It is settled law that inmates have no liberty interest in the *possibility* of parole.  *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).  That said, there is obviously a stark contrast between being in the free world under supervision (parole) and being confined in a prison 24-hours a day, seven days a week; but in both circumstances,

---

[2] By contrast, inmates in Nebraska's state prisons do have a liberty interest in the loss of good-time credits.  See *Wolff*, 418 U.S. at 556-557 and *Louis v. Department of Correctional Services of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006).  Compare NEB. REV. STAT. § 83-1,107 and ARK. CODE ANN. § 12-29-201(d).

the inmate is serving his or her sentence. The difference between life behind bars and life on parole does give rise to an inmate's liberty interest in parole *revocation*. But the Supreme Court has long noted a distinction between parole *release* and parole *revocation*, that is, "between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9, 99 S.Ct. 2100 (1979).

Mr. Mack has a liberty interest in release at the expiration of his State sentence; he does not have a liberty interest in the possibility of a conditional release prior to the expiration of his sentence. See *Swarthout v. Cooke*, 562 U.S.216, 131 S. Ct. 859, 862 (2011)(the federal Constitution does not confer a right to be conditionally released before the expiration of a valid sentence).

Accordingly, Mr. Mack's claim that State of Arkansas violated his rights by failing to award State good-time credit during his stint in the BOP is without merit.

## V.     Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr. Mack has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c)(1)-(2). After carefully considering Mr. Mack's petition and his reply to the response, the Court finds no basis for issuing a certificate of appealability.

## VI. Conclusion

The Court recommends that Judge Marshall DISMISS Mr. Mack's petition for writ of habeas corpus (#1), with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 27th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE